[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 10, 1992, the Court received an Application for Admission Pro Hac Vice from the plaintiff's counsel, pursuant to Connecticut Practice Book, Sec. 24. "Attorneys of Other Jurisdictions — Appearing Pro Hac Vice." An objection to the application was received on July 27, 1992 and the matter was argued to the court on July 27, 1992. The application sought permission from the court to allow Daniel Donnelly, Esq. of Garrison Landing, Garrison, New York, to appear on behalf of the plaintiff. The application further seeks to permit Attorney Donnelly to participate in depositions, hearings, pretrial proceedings and the actual trial. A supporting affidavit of Attorney Donnelly was submitted. The application further claimed that Mr. Donnelly has specialized skills and knowledge in the area of aviation matters and particularly with regard to the occurrence of June 15, 1990 involving personal injuries to the plaintiff Kenneth W. Hutwohl, a passenger in CT Page 8392 an aircraft piloted by Mark A. Cooper, deceased. The application further claims that the plaintiff has selected Mr. Donnelly to act as his attorney and that the plaintiff would lose the benefit of Mr. Donnelly's substantial knowledge, information and expertise which he has obtained by specializing in aviation related personal injury claims for in excess of 25 years.
During the initial hearing on July 27, 1992, counsel for the defendant, John Majewski, Esq., of the firm of Howd and Ludorf, Hartford, Connecticut, objected to the application based upon a lack of good cause for quoting such a privilege. Argument was put forth that there was no evidence of a "long-standing attorney-client relationship predating the cause of action or subject matter of the litigation at bar. . . ." Practice Book, Sec. 24. He also raised an objection not put forth in his written motion claiming a sub-issue of conflict of interest. Based upon the manner in which this information came to Mr. Majewski, the court afforded Attorney Majewski an opportunity to provide an affidavit of Mr. Karl Kattrein, president of Lakeland Aviation, one of the defendants in this action.
The matter was continued to August 10 and then to August 17 when argument was again heard. Mr. Majewski provided the court with a memorandum of law dated August 12, 1992 and Attorney James Kenney, who appeared for the plaintiff, provided the court with a memorandum of law dated August 17, 1992.
The court has considered all of the evidence presented and the memoranda of law. The court has also considered our Supreme Court's ruling in the matter of Enquire Printing 
Publishing Co. v. O'Reilly, 193 Conn. 370 (1984). Justice Shea discussed in some detail the subject of Practice Book, Sec. 24 in writing the opinion of the court. The court must consider the "`facts or circumstances affecting the personal or financial welfare of the client,' when reviewing the application. This limited scope of inquiry strikes the balance between the state's interest in regulating attorneys seeking to be admitted to practice pro hac vice and the litigant's interest in obtaining counsel of his own choice. In this period of greater mobility among members of the bar and the public, and the corresponding growth in interstate business, a court should reluctantly deny an application to appear pro hac vice. A litigant's request to be represented by counsel of his choice, when freely made, should be respected by the court, unless some legitimate state interest is thwarted by admission of the out-of-state attorney." Id., 375. The court in the Enquire Printing opinion affirmed the trial court's denial of the application for admission. It relied upon the fact that CT Page 8393 counsel would be called as a witness to testify on a material matter during the trial, since this would result in a violation of the professional code of responsibility [DR 5-102(A)].
In the instant case, however, Rule 1.9 of the Rules of Professional Responsibility would appear to require that Mr. Kattrein, the former client, consent after consultation to Mr. Donnelly appearing on behalf of the plaintiff hearing. The court would be inclined to grant the application if such consent is submitted in writing to the court. However, absent that consent by Mr. Kattrein, it would appear that Attorney Donnelly, if admitted pro hac vice, could find himself in a conflict of interest situation. Interestingly enough, there is no affirmative statement from Mr. Kattrein presented to the court indicating an objection to Mr. Donnelly appearing nor is there a statement from Mr. Kattrein consenting to Mr. Donnelly's appearance.
Accordingly, the application for admission is denied without prejudice and the objection is sustained, unless and until an affirmative written statement is produced executed by Mr. Kattrein indicating his consent to Mr. Donnelly's appearance pro hac vice.
Rodriguez, J.